# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT NO. 1, PACIFIC COAST DISTRICT, MARINE ENGINEERS BENEFICIAL ASSOCIATION, AFL-CIO, 444 North Capitol Street, Suite 800 Washington, D.C. 20001       Plaintiff, vs. AMERICAN MARITIME OFFICERS, 601 S. Federal Highway Dania Beach, FL 33004 THOMAS BETHEL, 601 S. Federal Highway Dania Beach, FL 33004 and DANIEL SHEA, 601 S. Federal Highway Dania Beach, FL 33004       Defendants. | Case No. _____ [formerly Superior Court of the District of Columbia Civil Division C.A. No. 2013-004021 B] |

## NOTICE OF REMOVAL

Defendants American Maritime Officers, a labor union affiliated with the Seafarers International Union of North America, AFL-CIO, ("AMO"), Thomas Bethel, in his official capacity as National President of AMO, and Daniel Shea, in his official capacity as National Assistant Vice President of AMO (collectively "Defendants"), by

and through their undersigned attorneys, hereby give notice of removal of this entire action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1441(a).  This notice of removal is given without waiver of any defense any defendant may have.  Pursuant to 28 U.S.C. § 1446(a), Defendants state the following as grounds for removal:

## BACKGROUND

1. This civil action was commenced against Defendants on June 12, 2013, in the Superior Court of the District of Columbia, Civil Division, by the filing of a Summons and Complaint.  The sole plaintiff, District No. 1, Pacific Coast District, Marine Engineers Beneficial Association, AFL-CIO, ("MEBA") is, like AMO, a labor union affiliated with the American Federation of Labor-Congress of Industrial Organizations ("AFL-CIO"), a federation of over fifty unions.  MEBA and AMO each act as the collective bargaining representative for their respective memberships, which consist of U.S. Coast Guard licensed deck officers and engineers working aboard U.S.-flagged marine vessels in U.S. territorial waters.

2. Defendants AMO and Shea were delivered copies of the Summons and Complaint at the AMO's office located in Oakland, CA, on June 17, 2013.  Defendant Bethel has not yet been served with the Complaint, but is aware of its contents and joins in seeking its removal to this court.

3. True and correct copies of the Complaint, Summons, and Orders to date in this case are attached to this Notice as Exhibit A.  As of this date none of the Defendants has filed an answer or moved or otherwise responded to said process, pleadings, order(s) or other papers.

4. MEBA's two-count Complaint alleges causes of action for "intentional interference with prospective business advantage" and "unjust enrichment." Both causes of action are based on the same set of alleged facts: Liberty Maritime Corporation's ("Liberty's") decision in 2011 to replace MEBA-represented supervisors with AMO-represented supervisors to help operate Liberty's tanker and bulk maritime vessels. In particular, MEBA alleges that, by meeting Liberty's negotiating demands and thereby presenting itself "as a more attractive option than MEBA" (Ex. A, Compl., ¶ 20), AMO and the other defendants "intentionally interfered with a continuous and uninterrupted contractual relationship between [MEBA] and Liberty" as manifested in previous successive collective bargaining agreements between Liberty and MEBA. *Id.*, ¶ 7. MEBA also alleges that AMO's actions caused Liberty to breach its supposed duty in the Liberty-MEBA collective bargaining agreement to "bargain in good faith with MEBA until the parties reached impasse or they agreed on a successor labor contract." *Id.*, ¶ 23.

5. MEBA asserts that, as a consequence of the Defendants' interference with purported rights granted to MEBA under its collective bargaining agreement with Liberty, the Defendants were unjustly enriched.

6. MEBA has a related action pending in this Court against Liberty. *See District No. 1, Pacific Coast District, Marine Engineers' Beneficial Association AFL-CIO v. Liberty Maritime Corp.,* No. 1:11-cv-01795-KBJ (filed Oct. 11, 2011). In that related lawsuit, MEBA alleges that Liberty is in breach of the collective bargaining agreement between MEBA and Liberty under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. MEBA claims that Liberty breached the parties' agreement by seeking to terminate that agreement without "reach[ing] impasse,"

3

as allegedly required under the agreement.  MEBA is also seeking to compel Liberty to resolve Liberty's alleged violations of the collective bargaining agreement in arbitration. *See, e.g.*, Dkt. 1 (filed 10/11/11), ¶ 24.

## BASES FOR REMOVAL

7. This entire action is removable to this Court because this Court has federal question jurisdiction over its subject matter under Section 301 of the LMRA.

8. Under Section 301 of the LMRA, when resolution of state-law claims is substantially dependent on analysis or interpretation of the terms of an agreement made between a labor organization and an employer, or between labor organizations, the state-law claims "aris[e] under 'the laws of the United States' within the meaning of the removal statute."  *Avco Corp. v. Aero Lodge 735*, 390 U.S. 557, 560 (1968); *see Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985) (describing Section 301 as "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts").

9. Two separate and independent grounds exist for removal of the Complaint to this Court.  First, MEBA's state-law claims are substantially dependent on analysis or interpretation of MEBA's collective bargaining agreement with Liberty, which is a Section 301 Agreement.  Second, MEBA's Complaint requires analysis or interpretation of the AFL-CIO Constitution, which is a Section 301 Agreement that governs the relationship between MEBA and Defendants.

**A.     The MEBA-Liberty Section 301 Agreement**

10. With respect to the first ground for removal, MEBA's state-law claims turn on multiple questions that require an analysis or interpretation of its collective

4

bargaining agreement with Liberty.  Specifically, MEBA alleges that Defendants' wrongful conduct was that they caused Liberty to breach its duty *under that collective bargaining agreement* to "bargain in good faith with MEBA until the parties reached impasse or they agreed on a successor labor contract."  (Ex. A, Compl., ¶ 23; *see also id.*, ¶¶ 9-10, 26, 34).  Analysis or interpretation of the MEBA-Liberty collective bargaining agreement is necessary to determine, among other issues, whether such a duty in fact existed, what it means, whether an "impasse" occurred, what the duty required of each party if it did exist, and how the parties intended such a supposed duty to be applied in situations like those alleged here.

   11. Indeed, MEBA alleges in its related lawsuit against Liberty under Section 301 of the LMRA that the central question in this entire dispute is whether MEBA and Liberty "reached an impasse" within the meaning of their collective bargaining agreement.  Dkt. #7-3 (filed 1/20/12), at 15.  The issue requires analysis or interpretation of that Section 301 Agreement.

   12. Furthermore, MEBA's Complaint more broadly alleges that Defendants intentionally interfered with MEBA's collective bargaining agreement with Liberty and that the Defendants were unjustly enriched by such interference.  For example, MEBA alleges:

- "The AMO Defendants . . . unfairly and unlawfully insert[ed] themselves into the ongoing collective bargaining relationship between Liberty and MEBA."  (*Id.*, ¶ 18).

- "Defendants intentionally interfered with this existing contractual relationship by inducing Liberty to unlawfully breach its labor contract with MEBA . . . ."  (*Id.*, ¶ 39).

5

- "The AMO Defendants' intentional interference with the MEBA labor contract with Liberty has caused the Union and its members[] financial harm. . . ." (*Id.*, ¶ 40).

13. MEBA's styling of its tort claim as one for "intentional interference with prospective business advantage"—despite the Complaint's numerous allegations that Defendants intentionally interfered with the MEBA-Liberty contract—does not make the action non-removable. That claim also substantially depends on interpreting the collective bargaining agreement between MEBA and Liberty, because that agreement establishes the parameters of any prospective business expectancy or advantage with which MEBA claims the Defendants interfered. *See, e.g.*, *Black v. NFLPA*, 87 F. Supp. 2d 1, 4 n.4 (D.D.C. 2000).

14. Furthermore, MEBA's allegations of intentional interference with contract are clearly inextricably intertwined with the MEBA-Liberty collective bargaining agreement. An essential element of a claim for intentional interference with contract is that the defendant induced a breach of a contract between plaintiff and a third party. It is impossible to determine whether any breach occurred here without analyzing or interpreting the collective bargaining agreement between MEBA and Liberty.

15. Because MEBA alleges that Defendants interfered with rights arising out of a collective bargaining agreement, and that they illegally induced a breach of that agreement and/or a relationship that derived solely from that agreement, its claims cannot be resolved without interpreting the agreement to determine whether there was interference with those rights and whether a breach occurred. This Court therefore has original jurisdiction over this entire action under Section 301. This action and each part thereof is subject to removal pursuant to 28 U.S.C. § 1441(a), (c).

**B.    The AFL-CIO Constitution**

16.    As noted above, MEBA and AMO are both affiliates of the AFL-CIO. The AFL-CIO Constitution is a Section 301 Agreement that governs the relationship between MEBA and AMO. *Santos v. Dist. Council of New York City and Vicinity of United Bhd. of Carpenters and Joiners of Am., AFL-CIO*, 547 F.2d 197, 199 n.1 (2d Cir. 1977) ("The AFL-CIO Constitution is a contract between labor organizations within the terms of § 301(a).") (internal quotation marks and citation omitted).

17.    Article XX of the AFL-CIO Constitution sets forth the principles by which MEBA and AMO *must* abide if, as here, a dispute arises between the two unions. Specifically, Section 20 of Article XX requires that "the sole and exclusive method" for settlement and determination of disputes between MEBA and AMO, including claims of the kind alleged in the Complaint, is the dispute-resolution procedure established by the AFL-CIO Constitution. Under this provision, "[n]o affiliate shall resort to court or other legal proceedings to settle or determine any disputes of the nature described in this Article," which includes a provision providing that "[e]ach affiliate shall respect the established collective bargaining relationship of every other affiliate." AFL-CIO Constitution, art. XX §§ 20, 2.

18.    Removal of MEBA's Complaint to this Court is further warranted, therefore, because analysis or interpretation of the AFL-CIO Constitution is required to determine whether MEBA has complied with this Section 301 Agreement and, if not, the consequences that flow from such non-compliance. Furthermore, insofar as MEBA might assert that Article XX, Section 20 does not apply to the claims asserted in the Complaint, an interpretation of the AFL-CIO Constitution will be necessary to determine

the validity of such a contention. Because whether MEBA is exclusively bound to resolve this dispute by the Article XX procedures is a question of interpretation of a union constitution, it is a federal question for which removal under Section 301 is proper. *See, e.g.*, *Heintzman v. Amalgamated Transit Union Int'l*, 825 F. Supp. 2d 161, 167-68 (D.D.C. 2011).

19. Accordingly, this Court has original jurisdiction over this entire action under Section 301 since it involves alleged conduct by AMO that is covered by the terms of the AFL-CIO Constitution, to which both MEBA and AMO are bound, and which has an exclusive dispute resolution system governing this type of conduct by any AFL-CIO affiliated unions. *Santos*, 547 F.2d 197, 198, 199 n.1 (Article XX of the AFL-CIO Constitution is the "article governing internal disputes between AFL-CIO affiliated unions" and a "contract" under Section 301).

**Defendants' Notice Otherwise Complies with 28 U.S.C. § 1446**

20. This Notice of Removal is filed on behalf of all Defendants who are all represented by Counsel listed below.

21. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), having been filed within thirty days of the June 17, 2013, service date on Defendants AMO and Shea.

22. This Notice of Removal has been served upon Plaintiff by regular mail and is being filed, contemporaneously herewith, with the Clerk of the Court, Superior Court of the District of Columbia. (*See* Ex. C).

WHEREFORE, Defendants AMO and Bethel and Shea, in their representative capacities as AMO officials, respectfully remove the above-captioned action pending in the Superior Court of the District of Columbia to this Court.

Dated: July 8, 2013

        Respectfully submitted,

        /s/ Stephen Weissman
Stephen Weissman (D.C. Bar No. 451063)
Emma M. Burnham (D.C. Bar No.1012126)
  *(application to D.D.C. pending)*
Kyle A. Clark (D.C. Bar No. 975304)
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004-2400
Tel: (202) 639-7721

Joel C. Glanstein (D.C. Bar No. 198127)
GLANSTEIN LLP
437 Madison Avenue - 35th Floor
New York, NY 10022
Tel: (212) 370-5100

*Attorneys for Defendants*
*American Maritime Officers, Thomas Bethel and Daniel Shea*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing Notice of Removal of Defendants American Maritime Officers, Thomas Bethel, and Daniel Shea, including exhibits, to be served by electronic mail and regular mail, with first class postage duly pre-paid, on this 8th day of July, 2013, upon:

>Mark J. Murphy
>Robert H. Stropp, Jr.
>Mooney, Green, Saindon, Murphy & Welch, P.C.
>1920 L Street, N.W. - Suite 400
>Washington, D.C. 20036
>
>*Counsel for the Plaintiff*

>__/s/ Stephen Weissman_____
>
>Stephen Weissman (D.C. Bar No. 451063)
>BAKER BOTTS L.L.P.
>The Warner
>1299 Pennsylvania Avenue, NW
>Washington, D.C. 20004-2400
>Tel: (202) 639-7721
>stephen.weissman@bakerbotts.com